Matter of Cote (2023 NY Slip Op 04085)

Matter of Cote

2023 NY Slip Op 04085

Decided on July 28, 2023

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed July 28, 2023.)

&em;

[*1]MATTER OF JOSEPH S. COTE III, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 14, 1988, and he maintains an office in Syracuse. In 2018, the Grievance Committee filed a petition and supplemental petition alleging against respondent five charges of professional misconduct. On March 22, 2019, this Court entered an order suspending respondent from the practice of law for a period of one year, but staying imposition of the suspension on the condition that he, inter alia, avoid becoming the subject of any additional disciplinary proceeding (Matter of Cote, 171 AD3d 167, 172 [4th Dept 2019]).
In October 2022, the Grievance Committee filed a petition alleging against respondent two charges of professional misconduct, including neglecting a client matter and failing to communicate with a client. Although respondent filed an answer denying material allegations of the petition, the parties have since filed a joint motion for discipline by consent wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order terminating the aforementioned one-year stayed suspension and imposing the sanction of suspension for a period of six months.
With respect to charge one, respondent conditionally admits that, in 2015, he agreed to represent a client as plaintiff in a civil action alleging dental malpractice. Respondent admits that, from July 2016 through December 2018, he failed to respond in a timely manner to discovery demands served by opposing counsel, failed to respond to numerous inquiries from opposing counsel regarding discovery, and failed to comply with discovery deadlines imposed by the trial court. Respondent admits that, although the trial court directed the plaintiff to file a note of issue on or before March 7, 2018, respondent did not file the note of issue until January 2019. Respondent further admits that, in February 2019, opposing counsel moved to dismiss the complaint or, in the alternative, vacate the note of issue on the grounds that respondent had failed to comply with discovery deadlines or file the note of issue in a timely manner. Respondent admits that, in March 2019, the trial court issued a decision granting the motion to dismiss and noting that respondent had engaged in a "clear and persistent pattern of delay" and was "seemingly unapologetic" for the delay. Respondent admits that his client did not learn of the unmet discovery deadlines and the defendant's motion to dismiss until after the trial court granted the motion and dismissed the complaint.
With respect to charge two, respondent conditionally admits that, in 2011, he agreed to represent a client in a medical malpractice action and, in October 2013, the Grievance Committee issued to respondent a letter of caution after the client filed a grievance complaint alleging that respondent had failed to respond to her inquiries or keep her informed about the status of the matter. Respondent admits that, in July 2013, he filed on behalf of the client a civil complaint against three defendants, including a physician and a hospital that were allegedly involved in the malpractice. Respondent admits that, after the hospital moved for summary judgment on grounds that included respondent's failure to file a note of issue in a timely manner, respondent advised the client to discontinue the action. Respondent admits that, although he subsequently executed and filed a stipulation of discontinuance on behalf of the client, he failed to provide the client with a copy of the stipulation. Respondent further admits that, although he believed the client had agreed to discontinue the action, the client subsequently contended that she believed that respondent had entered into a settlement agreement and received settlement funds on her behalf.
We find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (1) (iii)—failing to promptly inform a client about material developments in a matter;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered that respondent's misconduct set forth in the joint motion caused harm or prejudice to his clients. We have also considered respondent's statement in mitigation that the misconduct occurred during the same time period as the misconduct that gave rise to the one-year stayed suspension imposed by this Court in 2019, which occurred while respondent was overwhelmed by a busy caseload, law office staffing problems, and family difficulties (see Cote, 171 AD3d at 171). Accordingly, after consideration of all the factors in this matter, we conclude that the previously imposed one-year stayed suspension should be terminated and respondent should be suspended from the practice of law for a period of six months.